| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF NEW YORK | HEARING DATE: May 7, 2019<br>HEARING TIME: 2:00 p.m.<br>HEARING PLACE: Syracuse |

**IN RE:  JOSEPH L. CURR,**
      (SSN xxx-xx-0738)

                              Case No. **18-30660**
            Debtor.            CHAPTER 13

## OBJECTION TO CONFIRMATION

The Trustee objects to confirmation of the amended plan filed March 22, 2019 [#52], in the above named Debtor's case for the following reason(s):

**I.  NO PLAN PAYMENTS**

The amended plan is missing the section that states how the plan is to be funded.  The amended plan does not provide for any monthly payments to the Trustee.

**II.  PART I BOXES CHECKED WITH NO CORRESPONDING PROVISIONS**

Debtor checked boxes in sections 1.1 and 1.4, but no creditors are listed in the corresponding sections of the amended plan (sections 3.2 or 3.3 for limits on secured claims, and section 6.1 for the treatment of executory contracts or leases).

**III.  AVOIDANCE OF JUDICIAL LIEN**

Debtor proposes to avoid the judicial lien of Southworth Milton, Inc., but filed no affidavit in support the relief and did not properly serve the creditor.  Upon information and belief, there is sufficient equity in Debtor's real property for the claim to be paid in full with 9% interest as filed.

**IV.  TREATMENT OF SECURED CLAIMS, OR LACK THEREOF**

A) Debtors lists Ally Financial in section 3.6 of the amended plan, to be paid in full with 7% interest.  Debtor lists the amount of claim as $12,025.20, but the creditor filed a Proof of

Claim (#1-1) for $36,380.50 with 6% interest.

B)  The amended plan provides no treatment for the Proof of Claim (#9-1) filed by Financial Pacific Leasing Inc., and secured by Debtor's 1998 Caterpillar Bulldozer.  The total amount of the claim is $26,300.53.

C)  The amended plan provides no treatment of the secured claim filed by Wells Fargo Bank, N.A. (#11-1) in the amount of $665.84, secured by items purchased from Raymour & Flanigan.

## V.  FEASIBILITY

The amended plan does not appear to be feasible.

## VI.  LIQUIDATION

Upon information and belief, the amended plan does not satisfy the best-interest-of-creditors test of 11 U.S.C. § 1325(a)(4).

WHEREFORE, the Trustee respectfully requests that Confirmation be denied and for such further relief as the Court deems appropriate.

Dated:   April 30, 2019                                          */s/ Lynn Harper Wilson*
        Syracuse, New York                                   Lynn Harper Wilson, Staff Attorney
                                                                Office of the Standing Chapter 13 Trustee
                                                                Bar Roll # 509576
                                                                250 S. Clinton Street, Suite 203
                                                                Syracuse, New York  13202
                                                                Telephone:  (315) 471-1499
                                                                Email:  lhwilson@cnytrustee.com